# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL EVANS DISCH,<br><br>　　　　　　　　Plaintiff,<br>　vs.<br><br>GMAC MORTGAGE CORPORATION, LLC, and DOES 1–20,<br><br>　　　　　　　　Defendant. | CASE NO. 10CV1967 JLS (NLS)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>(Doc. No. 6.) |

Presently before the Court is Defendant's motion to dismiss. (Doc. No. 6 (Mot. to Dismiss).) Also before the Court is Plaintiff's response in opposition (Doc. No. 9), and Defendant's reply in support. (Doc. No. 10.) A hearing on this matter is set for February 24, 2011. The Court finds Defendant's motion suitable for decision without oral argument. Civil Rule 7.1.d.1. After consideration, the Court **GRANTS** Defendant's motion to dismiss.

Plaintiff initiated suit on September 21, 2010. (Doc. No. 1 (Compl.).) The gravamen of Plaintiff's complaint centers around refinancing his property. And his complaint alleges three causes of action: 1) Breach of Contract, 2) Unreasonable Delay and Bad Faith, and 3) Negligence. Defendant moves this Court to dismiss Plaintiff's complaint, making several arguments in the process. The Court considers just one here: lack of subject matter jurisdiction.

This Court's subject matter jurisdiction arises through the presence of a federal question or diversity jurisdiction. Neither is present here.

To determine whether federal question jurisdiction exists, the Court looks to the plaintiff's complaint. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 US 826, 830 (2002). The Court does not consider the defendant's answer, defenses, or counterclaims. *Id.* 831. In this case, Plaintiff puts forth causes of action for breach of contract, unreasonable delay and bad faith, and negligence. None of these arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Thus, the Court finds no basis to assert federal question jurisdiction.

The second basis for subject matter jurisdiction is diversity jurisdiction. Diversity jurisdiction requires that the plaintiffs and defendants be of different citizenship and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332. Plaintiff fails to allege each parties' citizenship and the amount in controversy, and the Court finds no basis to assert diversity jurisdiction. *See Rilling v. Burlington Northern R.R. Co.*, 909 F.2d 399, 400–01 (9th Cir. 1990).

Plaintiff has failed to establish that this case falls within the limited jurisdiction of this Court. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As a result, the Court **GRANTS** Defendant's motion to dismiss. Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff if it wishes, **SHALL** file an amended complaint within fourteen days of the day this order is electronically docketed.

**IT IS SO ORDERED.**

DATED: February 10, 2011

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge